# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.S., a minor, by and through her guardian ad litem, VALINE GONZALEZ; J.F., a minor, by and through his guardian ad litem, BRIDGET FLORES; and MARIA MORENO, in each case individually and as successor in interest to Armando Santibanez, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VISALIA and DOES 1-10, inclusive<br><br>Defendants. | 1:13-cv-01697-LJO-BAM<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>(Doc. 21) |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to

1

suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## II. INTRODUCTION

This civil rights lawsuit arises from a fatal shooting involving members of the City of Visalia's Police Department and decedent Armando Santibanez ("Mr. Santibanez"). Maria Moreno ("Ms. Moreno"), Mr. Santibanez's mother, and his children, minors E.S. and J.F., filed suit in this court against the City of Visalia ("City") and Does 1-10. Plaintiffs allege civil rights, false arrest/false imprisonment, and wrongful death claims. Pending before the Court is the City's motion to dismiss for failure to state a claim. For the reasons discussed below, this Court GRANTS the City's motion to dismiss with leave to amend.

## III. BACKGROUND

**A. Facts**[1]

Plaintiffs allege that on Friday, February 8, 2013, at approximately 3:55 p.m. police officers for the City initiated a traffic stop of Mr. Santibanez's vehicle. The traffic stop occurred on South Pinkham Street and Beech Avenue. Plaintiffs allege that after an officer stopped Mr. Santibanez's, the officer fired five shots through the window of Mr. Santibanez's vehicle which resulted in his death. At the time of the shooting Mr. Santibanez did not pose an immediate threat of death or serious bodily injury to anyone. Plaintiffs further allege that after Mr. Santibanez was shot defendants did not summon medical care in a timely manner or permit medical personnel to administer treatment despite the fact that Mr. Santibanez was immobile, bleeding profusely, and in obvious need of emergency medical care and treatment.

**B. Procedural Background**

On October 21, 2013, Mr. Santibanez's mother and two minor children filed this civil rights

---

[1] The background facts are derived from the complaint. (Doc. 16). The Court accepts the factual allegations in the complaint as true for purposes of this motion. *See Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

2

action against the City and Does 1-10.  Does 1-5 are identified as police officers for the City, Does 6-8 are identified as supervisorial officers for the City's police department, and Does 9-10 are identified as managerial, supervisorial, and policymaking employees of the City's police department.

On December 27, 2013, plaintiffs filed a first amended complaint in which they allege the following eight claims: (1) Fourth Amendment wrongful detention and arrest; (2) Fourth Amendment excessive force; (3) Fourth Amendment denial of medical care; (4) substantive due process; (5) *Monell*[2] liability; (6) false arrest/false imprisonment; (7) battery (wrongful death); and (8) negligence (wrongful death).  Pending before the Court is the City's motion to dismiss plaintiffs' fifth, sixth, and eighth causes of action for failure to state a claim.[3]  The City also moves to dismiss Ms. Moreno from the complaint.  On February 27, 2014, this Court found the motion suitable for a decision without oral argument, pursuant to Local Rule 230(g), and vacated the March 4, 2014, hearing date.

## IV. LEGAL STANDARD

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint.  A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

---

[2] *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978).
[3] In the City's reply brief, it withdrew its request to dismiss plaintiffs' seventh cause of action.

(quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Serv. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. DISCUSSION

### A. Ms. Moreno

The City contends that Mr. Santibanez's mother, Ms. Moreno, should be dismissed from the complaint because she lacks standing to assert her claims.

#### 1. State Law Claims

In California, parents may sue for the wrongful death of their child, regardless of their status as heirs, "'if they were dependent on the decedent.'" *Chavez v. Carpenter*, 91 Cal. App. 4th 1433, 1445 (2001) (quoting Cal. Code Civ. Proc. § 377.60(b)). "[D]ependence refers to financial support." *Id.*

4

"To demonstrate financial dependence, a parent 'must show that they were actually dependent, to some extent, upon the decedent for the necessaries of life.'" *Foster v. City of Fresno*, 392 F. Supp. 2d 1140, 1146 (E.D. Cal. 2005) (quoting *Perry v. Medina*, 192 Cal. App. 3d 603, 610 (1987)).

Plaintiffs allege that Ms. Moreno was financially dependent on decedent. However, the complaint does not contain facts to support this allegation. Plaintiffs allege facts to support this allegation in their opposition; however, these facts need to be alleged in the complaint.

**2. Funeral Expenses**

"In an action for wrongful death the beneficiaries may recover burial expenses which have been paid by them or for which they are liable." *Adams v. Southern Pac. Co.*, 4 Cal. 2d 731, 743 (1935). Under California Health and Safety Code § 7100 liability for the reasonable cost of disposition of the decedent's remains devolves upon the following in the order named: "(1) An agent under a power of attorney for health care who has the right and duty of disposition . . . (2) The competent surviving spouse. (3) . . . surviving competent adult children . . . [or] (4) The surviving competent parent or parents of the decedent . . ." *Id*.

In plaintiffs' complaint they seek funeral and burial expenses but fail to allege why they are entitled to these expenses. Plaintiffs fail to allege that Ms. Moreno paid for these expenses or that Ms. Moreno was liable for these expenses pursuant to California Health and Safety Code § 7100.

The City's motion to dismiss Ms. Moreno's state law claims and request for funeral expenses is GRANTED with leave to amend.

**B. Fifth Claim for Relief:** *Monell* **Liability**

The City asserts that plaintiffs' *Monell* claim is factually insufficient.

To establish municipal liability under *Monell*, a plaintiff must first establish that the officer deprived him of a constitutional right. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Next, plaintiff must show that an official city policy, custom, or practice was the moving force behind the constitutional injury. *Monell*, 436 U.S. at 694. A failure to train or supervise can amount to a "policy or custom" sufficient to impose liability. *City of Canton v. Harris*, 489 U.S. 378, 389-90 (1989).

Plaintiffs allege that the unjustified shooting of Mr. Santibanez "was found to be within the . . . City of Visalia Police Department policy" and ratified by supervisorial officers. (Doc. 16 ¶ 67, 68).

Plaintiffs further allege that the City "knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:" (a) employing police officers with dangerous propensities; (b) inadequately supervising, training, controlling, assigning, and disciplining its officers; (c) maintaining inadequate procedures for reporting, supervising, investigating, disciplining, and controlling the intentional misconduct of its police officers; (d) failing to discipline its officers; (e) ratifying the intentional misconduct of its officers; (f) detaining and arresting individuals without probable cause or reasonable suspicion and using excessive force; and (g) failing to investigate properly claims of unlawful detention and excessive force.

Plaintiffs' *Monell* claim is factually insufficient because it is devoid of any facts establishing the existence of the policy, custom, or practice alleged.  Conclusory "threadbare" allegations that merely recite the elements of a cause of action will not withstand a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1949-50.  Accordingly, plaintiffs fail to state a *Monell* claim.

The City's motion to dismiss plaintiffs' fifth claim for relief is GRANTED with leave to amend.

**C. Sixth Claim for Relief: False Arrest/False Imprisonment**

The City maintains that plaintiffs' false arrest/false imprisonment claim should be dismissed because plaintiffs fail to allege facts which indicate that an appreciable length of time passed between decedent's confinement and passing.  The City also contends that plaintiffs fail to allege facts to support their allegation that the officers acted without privilege.

"In California, false arrest and false imprisonment are not separate torts."  *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992).  "False arrest is but one way of committing a false imprisonment."  *Id*. (internal quotation marks and citations omitted).  In order to state a claim for false imprisonment, the plaintiff must allege: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief."  *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000).

Plaintiffs allege that Does 1-5 intentionally deprived decedent of his freedom of movement when they detained him without reasonable suspicion and arrested him without probable cause.  This allegation satisfies the requirement that the officers acted without lawful privilege.  Absent from

plaintiffs' complaint is an allegation that Mr. Santibanez was confined for an appreciable period of time.

Accordingly, the City's motion to dismiss plaintiffs' sixth claim for relief is GRANTED with leave to amend.

**D. Eighth Claim for Relief: Negligence**

**1. Allegations against the City**

The City contends that plaintiffs' negligence claim against it should be dismissed because as a public entity the City is immune from direct liability for negligence.

There is no common law tort liability for public entities in California. *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 899 (2008). Such liability must be based on statute. *Id*. (quoting Cal. Govt. Code § 815(a)).

Plaintiffs cite to two statutes in support of their negligence claim. Cal. Govt. Code § 820 and Cal. Govt. Code § 815.2(a). § 820 pertains to a public employee's liability for injuries generally and § 815.2(a) relates to a public entity's vicarious liability for the acts of its employees. Neither statute provides for direct liability of a public entity. Accordingly, to the extent plaintiffs attempt to allege a negligence claim against the City for direct liability, they have failed to do so.

**2. Allegations against the City's Employees**

The City contends that plaintiffs' negligence claim against the City's employees should be dismissed because it is factually insufficient and fails to allege a duty.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998).

Plaintiffs' negligence claim contains a list of "actions and inactions" defendants are allegedly responsible for. (Doc. 16 ¶ 98). The actions and inactions are not supported by factual allegations. In addition, plaintiffs fail to allege a duty. Therefore, plaintiffs fail to state a negligence claim against the City's employees.

The City's motion to dismiss plaintiffs' eighth claim for relief is GRANTED with leave to amend.

**VI. CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. GRANTS the City's motion to dismiss with leave to amend and
2. ORDERS plaintiffs to file and serve a second amended complaint, if any, no later than March 24, 2014.  The Court gives plaintiffs one, and only one, opportunity to amend their complaint.  If plaintiffs elect to amend their complaint, they are admonished to pursue only legally tenable claims based on sufficient facts.
3. ORDERS the City, no later than April 14, 2014, to file and serve a response to plaintiffs' amended complaint, if filed.

IT IS SO ORDERED.

Dated:   **March 3, 2014**                              **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE