UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.S., a minor, by and through her guardian ad litem, VALINE GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VISALIA; and Does 1-10, inclusive,<br><br>Defendants. | 1:13-cv-01697-LJO-BAM<br><br>ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT (Doc. 29) |

## I. INTRODUCTION

This civil rights lawsuit arises from a fatal shooting involving members of the City of Visalia's Police Department and decedent Armando Santibanez ("Mr. Santibanez"). Maria Moreno ("Ms. Moreno"), Mr. Santibanez's mother, and his children, minors E.S. and J.F., filed suit in this court against the City of Visalia ("City") and Does 1-10 (collectively, "Defendants"). Plaintiffs allege civil rights, false arrest/false imprisonment, and wrongful death claims. Pending before the Court is the City's motion to dismiss for failure to state a claim. For the reasons discussed below, the Court DENIES the City's motion to dismiss.

## II. BACKGROUND

**A. Facts**[1]

Plaintiffs allege that on Friday, February 8, 2013, at approximately 3:55 p.m. police officers for

---

[1] The background facts are derived from the complaint. (Doc. 16). The Court accepts the factual allegations in the complaint as true for purposes of this motion. *See Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1

the City initiated a traffic stop of Mr. Santibanez's vehicle. The traffic stop occurred on South Pinkham Street and Beech Avenue in Visalia, California. Plaintiffs allege that an officer stopped Mr. Santibanez's car and then fired five shots through the window, which resulted in Mr. Santibanez's death. At the time of the shooting Mr. Santibanez did not pose an immediate threat of death or serious bodily injury to anyone. Plaintiffs further allege that after Mr. Santibanez was shot, Defendants did not summon medical care in a timely manner or permit medical personnel to administer treatment despite the fact that Mr. Santibanez was immobile, bleeding profusely, and in obvious need of emergency medical care and treatment.

**B. Procedural Background**

On October 21, 2013, Mr. Santibanez's mother and two minor children filed this civil rights action against the City and Does 1-10. Does 1-5 are identified as police officers for the City, Does 6-8 are identified as supervisorial officers for the City's police department, and Does 9-10 are identified as managerial, supervisorial, and policymaking employees of the City's police department.

On December 27, 2013 Plaintiffs filed a first amended complaint in which they alleged claims for: (1) Fourth Amendment wrongful detention and arrest; (2) Fourth Amendment excessive force; (3) Fourth Amendment denial of medical care; (4) substantive due process; (5) *Monell*[2] liability; (6) false arrest/false imprisonment; (7) battery (wrongful death); and (8) negligence (wrongful death). On March 3, 2014, the Court granted Defendants' motion to dismiss Plaintiffs' fifth, sixth, and eighth causes of action for failure to state a claim.

On March 24, 2014, Plaintiffs filed a second amended complaint ("the SAC") in which they allege the same claims as those contained in the first amended complaint.[3] Pending before the Court is Defendants' motion to dismiss Plaintiffs' fifth and sixth causes of action.

Defendants assert Plaintiffs' *Monell* claim contains nothing but conclusory arguments unsubstantiated with facts. Defendants assert Plaintiffs fail to state a claim for false arrest/false imprisonment because Plaintiffs only allege Mr. Santibanez was confined for "several moments" and

---

[2] *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).
[3] Defendants construe the SAC as abandoning Plaintiffs' claim for negligence against the City. Defendants state, however, "[i]f it turns out Plaintiffs are still claiming City's direct liability, City will request the Court's leave to file another motion to dismiss on that basis." Doc. 29-1 at 2.

2

1  "an appreciable length of time passed," which Defendants maintain is insufficient to state a claim. Doc.
2  29-1 (quoting Doc. 28 at 7).
3      Plaintiffs filed an opposition to Defendants' motion to dismiss on May 27, 2014. For the
4  reasons discussed below, the Court DENIES Defendants' motion to dismiss Plaintiffs' fifth and sixth
5  causes of action.

### III. LEGAL STANDARD

7      A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of
8  the allegations set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is
9  either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a
10 cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In
11 considering a motion to dismiss for failure to state a claim, the court generally accepts as true the
12 allegations in the complaint, construes the pleading in the light most favorable to the party opposing
13 the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d
14 580, 588 (9th Cir. 2008).
15     To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts
16 to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
17 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
18 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.
19 Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability
20 requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.
21 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with'
22 a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to
23 relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).
24     "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
25 factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'
26 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
27 action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare
28 assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not

3

entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Serv. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss & Liehe, Inc. v. N. Calif. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### IV. DISCUSSION

**A. Fifth Claim for Relief: *Monell* Liability**

The City asserts that Plaintiffs' *Monell* claim is factually insufficient. To establish municipal liability under *Monell*, a plaintiff must first establish that the officer deprived him of a constitutional right. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Next, plaintiff must show that an official city policy, custom, or practice was the moving force behind the constitutional injury. *Monell*, 436 U.S. at 694.

Plaintiffs allege that the City "knowingly maintained the unconstitutional policy, custom, and practice of shooting individuals who do not comply with officer demands" and who pose no immediate threat to the officer(s). SAC, ¶ 72. In support of this assertion, Plaintiffs allege that on February 3, 2013, the City of Visalia Police Department issued a new release that read:

> On 02-08-13 at 1441 hours, officers from the Visalia Police Department stopped a vehicle in the area of Pinkham and Beech related to an ongoing investigation. Upon officers making contact with the driver, the driver failed to comply with their commands resulting in shots being fired.

*Id.* Plaintiffs also allege that a local news story covering the shooting of Mr. Santibanez stated: "As a result for what caused the officer to pull the trigger, investigators will only say that the driver did not comply with the officer's demand." *Id*; *see also id.* ¶ 105 (alleging that Does 1-5 breached a duty of

care owed to Mr. Santibanez "by shooting [him] for a simple refusal to comply with their commands").

The Court finds Plaintiffs' allegation that the City's police department employed a policy, custom, and practice of shooting individuals who do not comply with officer demands and who pose no immediate threat is sufficient to state a claim for *Monell* liability. Whether the allegations survive a Rule 56 motion is an issue for a different day. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiffs' fifth cause of action for *Monell* liability.

**B. Sixth Claim for Relief: False Arrest/False Imprisonment**

The City maintains that Plaintiffs' false arrest/false imprisonment claim should be dismissed because Plaintiffs fail to allege facts that indicate that a sufficient length of time passed between Mr. Santibanez's confinement and passing.

"In California, false arrest and false imprisonment are not separate torts." *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992). "False arrest is but one way of committing a false imprisonment." *Id*. (internal quotation marks and citations omitted). In order to state a claim for false imprisonment, the plaintiff must allege: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000).

Plaintiffs allege that Does 1-5 intentionally deprived Mr. Santibanez of his freedom of movement when they detained him without reasonable suspicion and arrested him without probable cause. This allegation satisfies the requirement that the officers acted without lawful privilege. Plaintiffs allege Does 1-5 "confined [Mr. Santibanez] for an appreciable length of time . . . [and] several moments elapsed between the time that Does 1-5 pulled [Mr. Santibanez] over in his vehicle . . . and the time [they] shot [him]." SAC, ¶ 89. Plaintiffs further allege that "an appreciable length of time passed between the time Does 1-5 shot [Mr. Santibanez] and the time Does 1-5 obtained medical treatment for [him]." SAC, ¶ 89.

The Court finds that Plaintiffs have provided sufficient facts to state a claim for false arrest/false imprisonment. Accordingly, Defendants' motion to dismiss Plaintiffs sixth cause of action is DENIED.

**V. CONCLUSION AND ORDER**

For the reasons discussed above, the Court DENIES Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: **June 4, 2014**          /s/ Lawrence J. O'Neill
                                 UNITED STATES DISTRICT JUDGE