UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.S., a minor, by and through her guardian Ad Litem, VALINE GONZALEZ; J.F., a minor, by and through his guardian ad Litem, Bridget Flores; and MARIA MORENO, in each case individually and as successor in interest to Armando Santibanez, deceased,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF VISALIA, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 1: 13-cv-1697-LJO-BAM<br><br>ORDER AFTER PRELIMINARY *IN CAMERA* INSPECTION OF THE PERSONNEL FILE OF DEFENDANT TIM HAENER<br><br>ORDER DIRECTING DEFENDANTS TO FILE A SUPPLEMENTAL BRIEF AND FOR THE BRIEF TO BE FILED UNDER SEAL |

In this 42 U.S.C. §1983 excessive force case, the parties stipulated to submit the personnel file of defendant police officer Tim Haener to the Court for an *in camera* review. (Doc. 52.) The personnel file was submitted, ex parte, and the Court conducted a preliminary review of the personnel file. Pursuant to a further stipulation between the parties on January 15, 2015 (Doc. 54), Defense counsel, Leonard C. Herr, appeared for a further *in camera* review on January 20, 2015 to answer questions of an administrative nature that the Court had regarding Defendant Tim Haener's personnel file. After reviewing the personnel file and the responses to the Court's questions, the Court determines that further briefing by defendants is necessary to evaluate the confidential nature of the documents and weigh and balance the interests at stake.

Federal common law recognizes a qualified privilege for official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990). The official information privilege "is broad enough

to cover all the disparate kinds of data and communications that can be involved in these types of [civil rights] cases [against the government]." *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D.Cal.1987). In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable. *See*, *e.g.*, *Green v. Baca* 226 F.R.D. 624, 644 (C.D.Cal. 2005).  The ten factors identified in *Kelly* are often used to determine whether a claim of privilege for official information bars discovery. *See Kelly,* 114 F.R.D. at 663.  The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." *Kelly*, 114 F.R.D. at 661.

      Accordingly, the defendants shall provide a supplemental brief regarding the privilege.  In light of the above authorities, the Court requests briefing with an explanation why disclosure would harm a significant governmental interest, privacy interest or significant law enforcement interest.  To the extent defendants determine that some of the documents can be produced, subject to redaction and a protective order, Defendant shall so identify the documents.  Due to its confidential nature, the Court will Order that the supplemental briefing shall be SEALED. The brief is limited to 10 pages. Defendant shall submit their briefing not later than February 13, 2015, as a Word document, to bamorders@caed.uscourts.gov. The Court will then file the document under seal.  Defendants are directed NOT to serve the Plaintiff with the supplemental briefing.

      Upon review of the defendants' brief, and in the event the Court does not order disclosure, the Court will instruct Plaintiff as to issues that Plaintiff will need to address.

IT IS SO ORDERED.

   Dated:   **January 22, 2015**         /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE