UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.S., a minor, by and through her guardian Ad Litem, VALINE GONZALEZ; J.F., a minor, by and through his guardian ad Litem, Bridget Flores; and MARIA MORENO, in each case individually and as successor in interest to Armando Santibanez, deceased,<br><br>           Plaintiffs,<br><br>     v.<br><br>CITY OF VISALIA, TIM HAENER,<br><br>           Defendants. | Case No. 1: 13-cv-1697-LJO-BAM<br><br>ORDER AFTER *IN CAMERA* INSPECTION OF THE PERSONNEL FILE OF DEFENDANT TIM HAENER AND CONSIDERATION OF DEFENDANTS' SUPPLEMENTAL BRIEF<br><br><br>ORDER REQUIRING PRODUCTION OF CERTAIN DOCUMENTS FROM THE PERSONNEL FILE |

In this 42 U.S.C. §1983 excessive force case, the parties stipulated to submit the personnel file of defendant police officer Tim Haener to the Court for an *in camera* review. (Doc. 52.) The personnel file was submitted, ex parte, and the Court conducted a preliminary review of the personnel file. The parties stipulated that the Court's *in camera* review would comprise the following:

5. As part of the in camera inspection, the Court shall review the following information:

    a. Internal Affairs investigation conducted by the Visalia Police Department into the February 8, 2013 shooting incident.

    b. Any documents memorializing the conclusion that Defendant TIM HAENER's use of deadly force on February 8, 2013 was justified.

    c. Any documents evidencing ratification of Defendant TIM HAENER's

use of deadly force on February 8, 2013.

       d.   Citizen's complaints made against Defendant TIM HAENER pertaining to his use of excessive, unreasonable or deadly force;

(Doc. 52.)

Pursuant to a further stipulation between the parties on January 15, 2015 (Doc. 54), Defense counsel, Leonard C. Herr, appeared for a further *in camera* review on January 20, 2015 to answer questions of an administrative nature that the Court had regarding Defendant Tim Haener's personnel file. After reviewing the personnel file and the responses to the Court's questions, the Court determined that further briefing by defendants was necessary to evaluate the confidential nature of the documents and weigh and balance the interests at stake. Defendants submitted supplemental briefing on February 13, 2015.

The personnel file submitted to the Court consisted of three "packets" of information. Packet 1 consists of documents comprising Officer Haener's ordinary personnel information such as background, routine employment documents, and employment history. Packet 2 consisted of a report of Lt. Steven Phillips of the underlying incident. Packet 3 consists of an internal investigation file of an unrelated citizen's complaint. Having reviewed the personnel file and the supplemental briefing, the Court orders as follows.

**Overview of the Official Information Privilege**

Federal common law recognizes a qualified privilege for official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990). The official information privilege "is broad enough to cover all the disparate kinds of data and communications that can be involved in these types of [civil rights] cases [against the government]." *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D.Cal.1987). In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable. *See*, *e.g.*, *Green v. Baca* 226 F.R.D. 624, 644 (C.D.Cal. 2005); *Turjillo v. Jacquezi*, 2014 WL 4072062 (N.D.Cal. 2014). In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing

analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. *Kelly*, 114 F.R.D. at 660.

Before the Court will engage in this balancing of interests, the party asserting the privilege (the defendant police department) must properly invoke the privilege by making a "substantial threshold showing." *Id.* at 669. To fulfill the threshold requirement, "the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit." *Kelly*, 114 F.R.D. at 669.[1] The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." *Kelly*, 114 F.R.D. at 661.

The City has made a threshold showing that the requested documents are subject to the official information privilege. It invoked the official information privilege. The Court directed defendants to file a brief outlining their position. The brief was submitted by counsel of record, who is also the City Attorney. Accordingly, the Court will find that the City satisfied *Kelly* by asserting the privilege from a responsible official making detailed statements concerning the confidentiality of the withheld information. *Kelly*, 114 F.R.D. at 669–70.

Once the party asserting the privilege meets the threshold burden, the Court will review the documents in light of the balancing test articulated in *Kelly*. Courts consider the following factors when balancing the interests of the parties in the context of an official information privilege claim:

(1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.

(2) The impact upon persons who have given information of having their identities disclosed.

(3) The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.

---

[1] The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. *Kelly*, 114 F.R.D. at 670.

3

(4) Whether the information sought is factual data or evaluative summary.

(5) Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question.

(6) Whether the police investigation has been completed.

(7) Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation.

(8) Whether the plaintiff's suit is non-frivolous and brought in good faith.

(9) Whether the information sought is available through other discovery or from other sources.

(10) The importance of the information sought to the plaintiff's case.

*Kelly*, 114 F.R.D. at 663. The ten factors identified in *Kelly* are often used to determine whether a claim of privilege for official information bars discovery. *See Kelly,* 114 F.R.D. at 663.

The Court has considered the *Kelly* factors and finds that certain documents should be produced to Plaintiffs and should be produced pursuant to a yet-to-be-submitted protective order. While all factors were considered, the Court discusses only the most pertinent factors herein.

**Ordinary Personnel File Information**

1. **Irrelevant Personal Information**

To the extent that the personnel files contain irrelevant personal information such as, insurance information, personal documents and tax documents, these documents need not be produced.

2. **Performance Evaluations**

Periodic performance evaluations by superiors are relevant. *Ortega v. San Diego Police Dept.*, 2013 WL 5724032 (S.D.Cal.2013). There is a strong public interest in uncovering civil rights violations of the type at issue in this case. *Soto v. City of Concord,* 162 F.R.D. 603, 617 (N.D. Cal. 1995). Performance evaluations are relevant and typically ordered disclosed in civil rights cases alleging excessive force, especially where plaintiffs also bring a *Monell* claim. *Medina v. County of San Diego*, 2014 WL 4793026 (S.D.Cal.2014) (requiring production of officer performance evaluations and training records).

Plaintiffs' need for the information sought is great. This information is unlikely to be available from any source other than the Defendants' records. The incident occurred on February 8, 2013. The Court finds that performance evaluations for July 2010-June/July 2011; July 2011-June 2012; and July 2012-June 2013 are important to Plaintiffs' evaluation of training and policies and procedures.[2] In addition, any documents memorializing external training courses during this same time period should also be produced. Any personal information, such as social security number or address, should be redacted.

**Documents Related to the Underlying Incident**

The records created in the course of the investigation into the shooting death are relevant to this civil rights action. *See Kelly*, 114 F.R.D. at 665–66.

The Defendant's claim that disclosure would frustrate internal investigations lacks support and has been rejected by other courts. *See Soto*, 162 F.R.D. at 612 (noting that *Kelly* "debunks the theory that officers will be less truthful or forthright in expressing their opinions if there is a risk of future disclosure[ ]" and concurring with Kelly's reasoning) (quoting *Kelly*, 114 F.R.D. at 665–66); see also *Watson v. Albin,* 2008 WL 1925257, at *2 (N.D.Cal. Apr.30, 2008) ("[Defendant's] arguments that disclosure would discourage exhaustive internal investigations are unpersuasive. Courts in this district have previously rejected such claims, and there is no reason to depart from that reasoning here.") (citing *Kelly*, 114 F.R.D. at 672); *See Medina*, 2014 WL 4793026 *11 (requiring production of documents related to the underlying incident and overruling objections based on deliberative process, self-critical analysis, and required reports privileges.)

The personnel file contains a report created by Lt. Steven Phillips.[3] The information was generated by the Visalia Police Department, and it is not otherwise available to Plaintiff.

---

[2] The Court did not locate a performance evaluation for July 2013-June 2014. To the extent such an evaluation exists, it should be produced as well.

[3] This is the only document contained in the personnel file related to the underlying incident. Defendants have represented to the Court that numerous other documents regarding the underlying incident have already been produced to Plaintiffs.

The report consists of a letter dated February 27, 2014; a "findings and conclusions" page with signatures; witness summaries by Lt. Phillips of recorded witness interviews (which defendants term "evaluative summaries"); and an interoffice confidential memo to defendant Haener.

Based upon balancing the *Kelly* factors, the Court finds the following documents from this report shall be produced: Letter dated February 27, 2014 from the Office of the District Attorney/County of Tulare; "Findings and Conclusions" of the Deadly Force Review Board; and Confidential interoffice memorandum dated September 3, 2013.

The Court finds that the "evaluative summaries" should not be produced. These summaries appear to be Lt. Steven Phillips excerpts of recorded witness interviews. The defendants indicate that the recorded witness interviews have been produced to Plaintiffs during discovery, along with other evidence such as audio, photos, evidentiary logs, and other law enforcement reports. The Court finds that the "evaluative summaries" fall within the official information privilege as it is subjective evaluative information Lt. Phillips elected to excerpt from the recorded witness statements for inclusion in his report.

The Court acknowledges that there are important public policies in favor of disclosure in civil rights actions. The Court also acknowledges that there important public policies supporting the information privilege and an officer's right of privacy. In balancing these competing interests, the Court finds that the factual information underlying the incident or a citizen's complaint should be disclosed so that Plaintiffs may assess the facts. However, the evaluative or "official" information should be protected. This position is not inconsistent with Plaintiff's needs for information. The factual information provides the foundation for Plaintiff s' investigation, yet the evaluative functions and information are protected by the official information privilege.

**Internal Affairs Reports and Investigations of Any other Incidents or Complaints**

Internal affairs investigations into citizen complaints against defendants are "presumptively discoverable" where relevant. *Kelly*, 11 F.R.D. at 665–66. Records of citizen complaints against law enforcement involving excessive force are relevant in civil rights cases. *Soto*, 162 F.R.D. at 620. These records may be "crucial to proving [a][d]efendant's history or pattern of such behavior." *Id.*

There is a prior incident which is remote in time and factually dissimilar to the underlying complaint here. However, the incident may be relevant to the claim against the County for maintaining an unlawful policy of deliberate indifference to the lives and liberty of the public. Plaintiffs allege, among other things, that Defendants have an "unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force." (FAC para. 70.) Information of this type may also be relevant on issues of "credibility, notice to the employer, ratification by the employer and motive of the officers." *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D.Cal.1993).

Therefore, the Court will order that the following documents related to the citizen complaint filed against Officer Haener be produced. Defendants shall produce: (1) the citizen's complaint, which consists of 4 handwritten pages, and the handwritten witness statement, which consists of 6 pages; (2) letters dated September 16, 2008 to the complainants and the copies of the returned envelopes, (consisting of 5 pages); (3) documents in the subheading "DA Amended Complaint" consisting of a letter dated February 1, 2008, the amended complaint, and (4) a January 31, 2008 file memorandum (consisting of 6 pages). The Court finds that the remainder of the documents regarding this complaint is subject to the official information privilege for the same reasons as evaluative summaries in Lt. Steven Phillips' report.

**Protective Order**

The privacy rights of the officers and official information may be sufficiently protected with the use of a tightly drawn protective order, specifying, for instance, that only counsel for Plaintiffs and their experts may have access to the material and that copies of such material will be returned to Defendants at the conclusion of the case. Disclosure of the relevant documents to Plaintiffs and their attorneys pursuant to a protective order would not harm a significant government or privacy interest.

## CONCLUSION AND ORDER

For the foregoing reasons, and pursuant to the Court's *in camera* review, the Court orders as follows:

1. The documents identified in this order, appropriately redacted, shall be produced to Plaintiffs pursuant to a protective order;
2. The parties are ORDERED to meet and confer and to jointly draft a proposed protective order to protect the documents from the personnel records of the defendant officer that will be disclosed pursuant to this order and to limit use of these documents to the current litigation and provide appropriate limits on the disclosure of the information. The order should address how the documents should be destroyed or returned upon the termination of this litigation.
3. The parties are ordered to work out the language of a protective order to submit to the Court for approval within ten (10) days of the date of this Order. Defendant City shall, within fifteen calendar (15) days of entry of the protective order, provide the responsive documents to Plaintiffs.
4. Defendants shall contact chambers to make arrangements to retrieve their copy of the personnel file submitted for the *in camera* review.

IT IS SO ORDERED.

Dated: __March 11, 2015__         /s/ *Barbara A. McAuliffe*
                              UNITED STATES MAGISTRATE JUDGE