UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.S., a minor, by and through her guardian ad litem, Valine Gonzalez; J.F., a minor, by and through his guardian ad litem, Bridget Flores; and MARIA MORENO, in each case individually and as successor in interest to Armando Santibanez, deceased,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF VISALIA; TIM HAENER; and DOES 2-10, inclusive,<br><br>    Defendants.<br>_____ / | Case No. 1:13-cv-1697-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING UNOPPOSED PETITION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF E.S., BY AND THROUGH HER GUARDIAN AD LITEM VALINE GONZALES**<br><br>(Document 77)<br><br>FOURTEEN-DAY DEADLINE |

## I. INTRODUCTION

On October 23, 2015, Valine Gonzales, as the court appointed guardian ad litem of named minor plaintiff E.S., filed a petition to approve the proposed settlement proposed settlement between minors E.S., J.F. and Maria Moreno ("Plaintiffs") and the City of Visalia and Tim Haener ("Defendants"). (Doc. 77.) Plaintiffs represent that Defendants have no objection to this petition. (Doc. 77-1, Declaration of Dale K. Galipo ("Galipo Dec."), ¶ 16.) The petition was not set for hearing, and the matter is deemed submitted. Local Rule 230. Having considered the unopposed petition, the terms of the settlement, and the record in this matter, the Court finds that the proposed settlement agreement is fair and reasonable. For the reasons that follow, the Court RECOMMENDS that the Petition for Approval of Compromise of the Claims of Minor Plaintiff E.S., by and through her guardian ad litem Valine Gonzales, BE APPROVED and GRANTED.

1

## II. FACTUAL BACKGROUND

Plaintiffs' initiated this action on October 21, 2013. (Doc. 1.) Plaintiffs filed a Second Amended Complaint ("SAC") on March 24, 2014. (Doc. 28.) Plaintiffs' SAC brings claims arising out of the fatal shooting of E.S.'s father, Armando Santibanez, by City of Visalia police officer Tim Haener. The parties have agreed to settle the case, and the settlement has been approved by the proper City of Visalia authorities. (Doc. 77 at 2.) Plaintiffs filed the instant petition to compromise the claims of minor E.S. on October 23, 2015. (Doc. 76.) Defendants do not object to the petition.

### Terms of Settlement

Defendants agree to pay $600,000 to settle this action. Pursuant to the terms of the settlement, $225,000 is to be distributed to E.S. and her attorneys, $225,000 to J.F. and his attorneys, and $150,000 to Maria Moreno and her attorneys. (Doc. 77 at 2.) With respect to the $225,000 apportioned to E.S. and her attorneys, after deducting requested attorneys' fees of $90,000 and costs of $4,555.17, the total net settlement to E.S. is $130,444.83. (Doc. 77 at 5.) It is proposed that Defendant will issue a settlement check in the amount of $130,444.83 to fund and purchase a structured annuity for E.S. The check will be made payable to "Prudential Assigned Settlement Services Corporation" and periodic payments will made by Prudential Insurance Company of America beginning on 7/5/2031, when E.S. is 18 years of age. (Doc. 77-1, Ex. A to Galipo Dec.)

## III. DISCUSSION

### A. Relevant Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(2). Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of

action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

In addition to the foregoing requirements, Federal Rule of Civil Procedure 17(c) imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). Therefore, district courts should "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

**B. Analysis**

The petition in this case sets forth the required information. The minor involved is a 2-year-old girl. This action arises out of the fatal shooting of E.S.'s father, Armando Santibanez, by City of Visalia police officer Tim Haener as set forth in the second amended complaint. E.S. seeks damages arising from the injuries suffered by her father, along with the individual loss of her father's comfort, care, companionship, training, support and guidance.

Further, E.S. is represented by the Law Offices of Dale K. Galipo, Quirk Law Group, and the Law Offices of Nikolaus Reed. Counsel accepted their engagement in this action for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a 40 percent attorney fee recovery if the matter concludes after commencement of a lawsuit. (Doc. 77-1, Galipo Dec. ¶ 15.) Counsel represent that they did not become involved in this matter at the instance of any party against whom the causes of action are asserted and they have not received any compensation for their services to date. Rather, counsel expect to receive compensation from funds distributed to E.S. in

1 the amount of $90,000 (40 percent of $225,000), along with costs of $4,555.17 (pro rata costs based
2 on the recovery to each plaintiff, i.e. 37.5 percent to E.S.). Counsel also expect to receive
3 compensation from funds distributed to Maria Moreno and J.F., along with the pro rata share of costs
4 attributed to these additional plaintiffs. (Galipo Dec. at ¶¶ 5-8).

5       Having considered the unopposed petition, the Court finds that the net payment of $130,444.83
6 ($250,000 less attorneys' fees and costs) is fair and reasonable in light of the facts of the case, the
7 specific claims, and recoveries in similar cases. *See*, *e.g.*, *Doe ex rel. Scott v. Gill*, 2012 WL 1939612
8 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in action
9 involving the shooting and killing of minor's mother by police officers); *Swayzer v. City of San Jose*,
10 2011 WL 3471217 (N.D. Cal. Aug. 5, 2011) (approving minor's compromise for net amount of
11 $2,054.17 in action involving alleged wrongful death of minor's father during his arrest); *cf. Cotton ex*
12 *rel. McClure v. City of Eureka,* 2012 WL 6052519 (N.D. Cal. Dec. 5., 2012) (approving minor's
13 compromise for wrongful death of minor's father by police officers in the net amount of
14 $2,646,765.90; settlement occurred during pendency of appeal, which followed jury verdict in the
15 amount of $4,000,000 in compensatory damages awarded to minor plaintiff).

16       Additionally, the parties have agreed to the purchase of a structured annuity and payments as
17 set forth below, which the Court finds appropriate. Specifically, the parties have agreed that
18 Defendants will issue a settlement check in the amount of $130,444.83 to fund and purchase a
19 structured annuity for the minor. The check will be made payable to "Prudential Assigned Settlement
20 Services Corporation," which will provide periodic payments to be made by Prudential Insurance
21 Company of America, rated A+ Class XV by A.M. Best Company. The periodic payments will begin
22 on July 5, 2031, when E.S. turns 18, and shall proceed as follows:

23     $20,000.00 payable annually, guaranteed for 4 years, commencing on 7/5/2031
    $20,000.00 lump sum payment on 7/5/2035 at age 22
24     $30,000.00 lump sum payment on 7/5/2037 at age 24
    $40,000.00 lump sum payment on 7/5/2039 at age 26
25     $114,269.00 lump sum payment on 7/5/2041 at age 28

26

27 (Doc. 77-1, Ex. A to Galipo Dec.) The periodic payments shall be mailed directly to E.S. (*Id.*) Upon
28 review, the Court has determined that the structured annuity is reasonable and in the best interests of

4

the minor. In particular, the structured annuity spreads the distribution of funds over a lengthy period of time and delays payment of the largest portion until the minor is nearly 30 years old, which both increases the payout and protects the minor from potential loss or waste of a single lump sum payment at age eighteen.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that the Petition for Approval of Compromise of the Claims of E.S., by and through her Guardian Ad Litem Valine Gonzales be APPROVED and GRANTED as follows:

1. The settlement of minor E.S.'s action against the Defendants in the amount of $225,000 be approved.

2. Defendants, through counsel, shall prepare and deliver the drafts for the settlement proceeds in the amount of $$225,000 no later than fourteen (14) days after final approval of the petition, payable as follows:

   a. A draft for $94,555.17 payable to the Law Offices of Dale K. Galipo. These funds shall be used to satisfy the attorney fees and costs owed by minor plaintiff E.S. to Plaintiffs' counsel.

   b. From the total gross settlement, Defendants shall issue a settlement check in the amount of $130,444.83 to fund and purchase the structured annuity for the minor Plaintiff E.S. The check will be made payable to "Prudential Assigned Settlement Services Corporation" (hereinafter referred to Assignee(s)), which will provide periodic payments to be made by Prudential Insurance Company of America (hereinafter referred to as "Annuity Carrier(s)"). Annuity Carrier(s) shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Dale K. Galipo and as set forth below.

   c. Disbursement drafts will be made payable and will begin being issued directly to E.S. upon reaching the age of maturity according to the following payment schedule:

5

        i.     $20,000.00 Payable Annually, guaranteed for 4 years, commencing on 7/5/2031 at age 18

        ii.     $20,000.00 Lump Sum Payment on 7/5/2035 at age 22

        iii.     $30,000.00 Lump Sum Payment on 7/5/2037 at age 24

        iv.     $40,000.00 Lump Sum Payment on 7/5/2039 at age 26

        v.     $114,269.00 Lump Sum Payment on 7/5/2041 at age 28

    d. Defendants will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee(s), of the Defendants' liability to make the periodic payments as described above and in "Exhibit A" to the Declaration of Dale K. Galipo. Such assignment, if made, shall be accepted by Plaintiff E.S. without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee(s).

    e. Defendants and/or Assignee(s) shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier(s).

    f. The Assignee(s) shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

    g. The Assignee(s) may have Annuity Carrier(s) mail payments directly to E.S. as set forth above. Valine Gonzales (until Plaintiff E.S. reaches the age of majority, and then E.S.) shall be responsible for maintaining the current, proper mailing address and mortality information to Assignee(s).

3. The request for attorneys' fees in the amount of $90,000 and costs in the amount of $4,555.17 be approved.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written

1 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
2 Findings and Recommendations." The parties are advised that failure to file objections within the
3 specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on
4 appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d
5 1391, 1394 (9th Cir. 1991)).

6       To expedite resolution of these Findings and Recommendations, if the parties do not have any
7 objections, they should each file a "Notice of Non–Objection to Findings and Recommendations."

9 IT IS SO ORDERED.

10    Dated:   **November 3, 2015**          /s/ Barbara A. McAuliffe
11                                               UNITED STATES MAGISTRATE JUDGE