1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    E.S., a minor, by and through her guardian          Case No. 1:13-cv-1697-LJO-BAM
     ad litem, Valine Gonzalez; J.F., a minor, by
10   and through his guardian ad litem, Bridget          **FINDINGS AND RECOMMENDATIONS**
     Flores; and MARIA MORENO, in each case              **REGARDING UNOPPOSED PETITION**
11   individually and as successor in interest to        **FOR APPROVAL OF COMPROMISE OF**
     Armando Santibanez, deceased,                       **THE CLAIMS OF MINOR PLAINTIFF**
12                                                        **J.F., BY AND THROUGH HIS GUARDIAN**
                   Plaintiffs,                            **AD LITEM BRIDGET FLORES**
13
            v.                                            (Document 76)
14
     CITY OF VISALIA; TIM HAENER; and                     FOURTEEN-DAY DEADLINE
15   DOES 2-10, inclusive,

16                 Defendants.
                                                   /
17

18   **I.    INTRODUCTION**

19          On October 23, 2015, Bridget Flores, as the court appointed guardian ad litem of named minor

20   plaintiff J.F, filed a petition to approve the proposed settlement proposed settlement between minors

21   E.S., J.F. and Maria Moreno ("Plaintiffs") and the City of Visalia and Tim Haener ("Defendants").

22   (Doc. 76.)   Plaintiffs represent that Defendants have no objection to this petition.   (Doc. 76-1,

23   Declaration of Dale K. Galipo ("Galipo Dec."), ¶ 16.)   The petition was not set for hearing, and the

24   matter is deemed submitted.   Local Rule 230.   Having considered the unopposed petition, the terms of

25   the settlement, and the record in this matter, the Court finds that the proposed settlement agreement is

26   fair and reasonable. For the reasons that follow, the Court RECOMMENDS that the Petition for

27   Approval of Compromise of the Claims of Minor Plaintiff J.F, by and through his guardian ad litem

28   Bridget Flores, BE APPROVED and GRANTED.

                                                   1

## II.   FACTUAL BACKGROUND

Plaintiffs' initiated this action on October 21, 2013.  (Doc. 1.)  Plaintiffs filed a Second Amended Complaint ("SAC") on March 24, 2014.  (Doc. 28.)  Plaintiffs' SAC brings claims arising out of the fatal shooting of J.F.'s father, Armando Santibanez, by City of Visalia police officer Tim Haener.  The parties have agreed to settle the case, and the settlement has been approved by the proper City of Visalia authorities.  (Doc. 76 at 2.)  Plaintiffs filed the instant petition to compromise the claims of minor J.F. on October 23, 2015.  (Doc. 76.)  Defendants do not object to the petition.

### Terms of Settlement

Defendants agree to pay $600,000 to settle this action.  Pursuant to the terms of the settlement, $225,000 is to be distributed to J.F. and his attorneys, $225,000 to E.S. and her attorneys, and $150,000 to Maria Moreno and her attorneys.  (Doc. 76 at 2.)  With respect to the $225,000 apportioned to J.F. and his attorneys, after deducting requested attorneys' fees of $90,000 and costs of $4,555.17, the total net settlement to J.F. is $130,444.83.  (Doc. 76 at 5.)  It is proposed that Defendant will issue a settlement check in the amount of $130,444.83 to fund and purchase a structured annuity for J.F.  The check will be made payable to "Prudential Assigned Settlement Services Corporation" and periodic payments will made by Prudential Insurance Company of America beginning on 4/13/2027, when J.F. is 18 years of age.  (Doc. 76-1, Ex. A to Galipo Dec.)

## III.   DISCUSSION

### A.  Relevant Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b).  Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(2).  Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the

1   attorney became involved in the application at the instance of the party against whom the causes of

2   action are asserted, whether the attorney stands in any relationship to that party, and whether the

3   attorney has received or expects to receive any compensation, from whom, and the amount. Local

4   Rule 202(c).

5        In addition to the foregoing requirements, Federal Rule of Civil Procedure 17(c) imposes on

6   district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v.*

7   *Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  In the context of proposed settlements in suits

8   involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to

9   determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v.*

10  *Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).  Therefore, district courts should "limit the scope of

11  their review to the question [of] whether the net amount distributed to each minor plaintiff in the

12  settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and

13  recovery in similar cases." *Id.* at 1181–82.  Further, the fairness of each minor plaintiff's net recovery

14  should be evaluated "without regard to the proportion of the total settlement value designated for adult

15  co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard."

16  *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

17       **B.  Analysis**

18       The petition in this case sets forth the required information.  The minor involved is a 6-year-old

19  boy.  This action arises out of the fatal shooting of minor J.F.'s father, Armando Santibanez, by City of

20  Visalia police officer Tim Haener as set forth in the second amended complaint.  J.F. seeks damages

21  arising from the injuries suffered by his father, along with the individual loss of his father's comfort,

22  care, companionship, training, support and guidance.

23       Further, J.F. is represented by the Law Offices of Dale K. Galipo, Quirk Law Group, and the

24  Law Offices of Nikolaus Reed.  Counsel accepted their engagement in this action for a contingency

25  fee, plus reimbursement for any costs advanced.  The retainer agreement provides for a 40 percent

26  attorney fee recovery if the matter concludes after commencement of a lawsuit.  (Doc. 76-1, Galipo

27  Dec. ¶ 15.)  Counsel represent that they did not become involved in this matter at the instance of any

28  party against whom the causes of action are asserted and they have not received any compensation for

their services to date.  Rather, counsel expect to receive compensation from funds distributed to J.F. in the amount of $90,000 (40 percent of $225,000), along with costs of $4,555.17 (pro rata costs based on the recovery to each plaintiff, i.e. 37.5 percent to J.F.).  Counsel also expect to receive compensation from funds distributed to Maria Moreno and E.S., along with the pro rata share of costs attributed to these additional plaintiffs.  (Galipo Dec. at ¶¶ 5-8).

Having considered the unopposed petition, the Court finds that the net payment of $130,444.83 ($250,000 less attorneys' fees and costs) is fair and reasonable in light of the facts of the case, the specific claims, and recoveries in similar cases.  *See*, *e.g.*, *Doe ex rel. Scott v. Gill*, 2012 WL 1939612 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in action involving the shooting and killing of minor's mother by police officers); *Swayzer v. City of San Jose*, 2011 WL 3471217 (N.D. Cal. Aug. 5, 2011) (approving minor's compromise for net amount of $2,054.17 in action involving alleged wrongful death of minor's father during his arrest); *cf. Cotton ex rel. McClure v. City of Eureka,* 2012 WL 6052519 (N.D. Cal. Dec. 5., 2012) (approving minor's compromise for wrongful death of minor's father by police officers in the net amount of $2,646,765.90; settlement occurred during pendency of appeal, which  followed jury verdict in the amount of $4,000,000 in compensatory damages awarded to minor plaintiff).

Additionally, the parties have agreed to the purchase of a structured annuity and payments as set forth below, which the Court finds appropriate.  Specifically, the parties have agreed that Defendants will issue a settlement check in the amount of $130,444.83 to fund and purchase a structured annuity for the minor.  The check will be made payable to "Prudential Assigned Settlement Services Corporation," which will provide periodic payments to be made by Prudential Insurance Company of America, rated A+ Class XV by A.M. Best Company.  The periodic payments will begin on April 13, 2027, when J.F. turns 18, and shall proceed as follows:

> $17,500.00 payable annually, guaranteed for 4 years, commencing on 4/13/2027
> $15,000.00 lump sum payment on 4/13/2031 at age 22
> $20,000.00 lump sum payment on 4/13/2033 at age 24
> $25,000.00 lump sum payment on 4/13/2035 at age 26
> $30,000.00 lump sum payment on 4/13/2037 at age 28
> $81,923.00 lump sum payment on 4/13/2039 at age 30.

1   (Doc. 76-1, Ex. A to Galipo Dec.)  The periodic payments shall be mailed directly to J.F.  (*Id.*)  Upon

2   review, the Court has determined that the structured annuity is reasonable and is in the best interests of

3   the minor.  The structured annuity spreads the distribution of funds over a lengthy period of time and

4   delays payment of the largest portion until the minor is 30 years old, which both increases the payout

5   and protects the minor from potential loss or waste of a single lump sum payment at age eighteen.

6   **III.   CONCLUSION AND RECOMMENDATION**

7         Based on the foregoing, the Court recommends that the Petition for Approval of Compromise

8   of the Claims of Minor Plaintiff J.F., by and through his Guardian Ad Litem Bridget Flores be

9   APPROVED and GRANTED as follows:

10      1.  The settlement of minor J.F.'s action against the Defendants in the amount of $225,000 be

11         approved.

12      2.  Defendants, through counsel, shall prepare and deliver the drafts for the settlement

13         proceeds in the amount of $225,000 no later than fourteen (14) days after final approval of

14         the petition, payable as follows:

15         a.  From the total gross settlement, Defendants shall issue a check for $94,555.17,

16            payable to the Law Offices of Dale K. Galipo. These funds shall be used to satisfy

17            the attorney fees and costs owed by minor plaintiff J.F. to Plaintiffs' counsel.

18         b.  From the total gross settlement, Defendants shall issue a settlement check in the

19            amount of $130,444.83 to fund and purchase the structured annuity for the minor

20            Plaintiff J.F. The check will be made payable to "Prudential Assigned Settlement

21            Services Corporation" (hereinafter referred to Assignee(s)), which will provide

22            periodic payments to be made by Prudential Insurance Company of America

23            (hereinafter referred to as "Annuity Carrier(s)"). Annuity Carrier(s) shall provide

24            periodic payments in accordance with "Exhibit A" to the Declaration of Dale K.

25            Galipo and as set forth below.

26         c.  Disbursement drafts will be made payable and will begin being issued directly to

27            J.F. upon reaching the age of maturity according to the following payment

28            schedule:

i.      $17,500.00 Payable Annually, guaranteed for 4 years, commencing on 4/13/2027 at age 18

ii.     $15,000.00 Lump Sum Payment on 4/13/2031 at age 22

iii.    $20,000.00 Lump Sum Payment on 4/13/2033 at age 24

iv.    $25,000.00 Lump Sum Payment on 4/13/2035 at age 26

v.      $30,000.00 Lump Sum Payment on 4/13/2037 at age 28

vi.    $81,923.00 Lump Sum Payment on 4/13/2039 at age 30

d.  Defendants will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee(s), of the Defendants' liability to make the periodic payments as described above and in "Exhibit A" to the Declaration of Dale K. Galipo. Such assignment, if made, shall be accepted by Plaintiff J.F. without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee(s).

e.  Defendants and/or Assignee(s) shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier(s).

f.  The Assignee(s) shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

g.  The Assignee(s) may have Annuity Carrier(s) mail payments directly to J.F. as set forth above. Bridget Flores (until Plaintiff J.F. reaches the age of majority, and then J.F.) shall be responsible for maintaining the current, proper mailing address and mortality information to Assignee(s).

3.  The request for attorneys' fees in the amount of $90,000 and costs in the amount of $4,555.17 be approved.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

**days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

To expedite resolution of these Findings and Recommendations, if the parties do not have any objections, they should each file a "Notice of Non–Objection to Findings and Recommendations."

IT IS SO ORDERED.

Dated:   **November 3, 2015**            /s/ *Barbara A. McAuliffe*            _
                                         UNITED STATES MAGISTRATE JUDGE